JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

OCT 23 1990

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 860

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE ALLEGHENY INTERNATIONAL, INC., SECURITIES LITIGATION

TRANSFER ORDER*

    This litigation consists of six actions listed on the attached Schedule A and pending in two districts as follows: four actions in the Western District of Pennsylvania and two actions in the Southern District of New York. Before the Panel is a motion, pursuant to 28 U.S.C. §1407, by KPMG Peat Marwick (Peat Marwick), a defendant in two of the actions, seeking centralization of the actions in the Western District of Pennsylvania for coordinated or consolidated pretrial proceedings. Plaintiff in four of the actions, Spear, Leeds and Kellogg, does not oppose the transfer motion. The two individuals who are the plaintiffs in the remaining two actions (both now pending in the Western District of Pennsylvania) oppose centralization there.

    On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Western District of Pennsylvania will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions relate to plaintiffs' 1986 or 1987 purchases of stock in now bankrupt Allegheny International, Inc. (Allegheny), and all actions contain allegations that plaintiffs were defrauded as a result of their reliance on representations made by defendants concerning Allegheny's financial status and prospects. Centralization is thus necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary. We find unconvincing the arguments of opponents to the motion that transfer would be inconvenient and unnecessary in light of the advanced stage of proceedings in the actions. We note that: 1) opponents' two actions have just recently been transferred to the Western District of Pennsylvania under 28 U.S.C. §1404, and thus opponents are not apt to be inconvenienced by Section 1407 centralization there; and 2) significant discovery and pretrial proceedings remain in the actions.

    We find that the Western District of Pennsylvania serves as a nexus for this litigation. We note that: 1) four of the six actions are already pending there; 2) Pittsburgh, the site of Allegheny's corporate headquarters, is where many relevant Allegheny records and employee witnesses will be found; 3) Peat Marwick's financial reports

---

\* Judge Fred Daugherty took no part in the decision of this matter.

-2-

on Allegheny were issued from Peat Marwick's Pittsburgh office; and 4) the Allegheny bankruptcy proceedings were brought in the bankruptcy court for the Western District of Pennsylvania.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending outside the Western District of Pennsylvania be, and the same hereby are, transferred to the Western District of Pennsylvania and, with the consent of that court, assigned to the Honorable Glenn E. Mencer for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

John F. Nangle
Chairman

Schedule A

MDL-860 -- In re Allegheny International, Inc. Securities Litigation

### Southern District of New York

Spear, Leeds & Kellogg v. Dillon, Read & Co., Inc.,
   C.A. No. 88 Civ 7240
Spear, Leeds & Kellogg v. Peat Marwick Main & Co.,
   C.A. No. 88 Civ 7235

### Western District of Pennsylvania

Spear, Leeds & Kellogg v. Oliver S. Travers, Jr., et al.,
   C.A. No. 88-2300
Spear, Leeds & Kellogg v. Mellon Bank, N.A., et al.,
   C.A. No. 88-2587
Irwin L. Jacobs, et al. v. Oliver S. Travers, Jr., et al.,
   C.A. No. 90-1262
Irwin L. Jacobs, et al. v. Dillon, Read & Co., Inc., et al.,
   C.A. No. 90-1623